UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JULIUS OBASOHAN,                                    CASE NO. 93-68-CR-DIMITROULEAS

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

THIS CAUSE is before the Court on Movant's (Obasohan) pro se July 17, 2008 Motion For Leave to be Provided with Documents [DE-246], and the Court having reviewed the Court file, finds as follows:

    1. On February 11, 1993, Movant/Defendant Obasohan and Oromic Ogionwo were indicted and charged with Conspiracy to Traffic in Counterfeit Access Devices. [DE-13]. The indictment has not been electronically scanned in the Southern District of Florida's cm/ecf.

    2. On May 4, 1993, Defendant pled guilty. [DE-59]. A transcript of that hearing exists, but, due to the age of the transcript, it also has not been electronically scanned.[1] [DE-89]. Sentencing was set for July 6, 1993. [DE-60].

    3. On May 21, 1993, a bench warrant was issued for the Defendant. [DE-63]. Defendant failed to appear for his sentencing. [DE-71]. Defendant was again taken into custody on or about

---

[1] The Clerk has hard-copies of non-electronically scanned documents. However, some may be stored in the Dyer Courthouse, parts of which may not be currently accessible because of mold. The Court has prevailed upon the Clerk to locate the plea colloquy.

1

January 13, 1994. [DE-75].

    4. On September 2, 1994, Defendant was sentenced to forty-one (41) months in prison. He was placed on three (3) years of supervised release. Restitution was ordered for Fidelity Investment Company, Discover Card Services and U.S.A.A. Credit Card Services. [DE-121].

    5. On October 19, 1994, Defendant filed a pro se Motion to Correct Sentence. [DE-133]. One of his complaints was that intended loss was improperly calculated. The Court denied the motion on December 15, 1994, for lack of jurisdiction. [DE-143].

    6. Judge Nesbitt also denied a Motion for Release Pending Appeal [DE-150] and a Motion for Return of Property. [DE-151].

    7. On January 22, 1996, the Eleventh Circuit Court of Appeal affirmed the judgment and sentence, finding that restitution was properly ordered for losses resulting from acts of credit card fraud, other than that which he admitted to when pleading guilty. [DE-152]. U.S.v. Obasohan, 73 F. 3d 309 (11th Cir. 1996). The appellate court also found no error in determining the amount of loss in these "true name" credit card frauds.

    8. On May 31, 1996, Judge Nesbitt denied Defendant's Motion to Correct Sentence. [DE-157].

    9. On September 9, 1996, Defendant filed a Motion to Vacate alleging that monetary enhancements were not alleged in the Indictment. [DE-160]. On July 7, 1998, Judge Nesbitt denied the Motion to Vacate. [DE-188].

    10. On January 8, 1998, Judge Nesbitt signed an order granting a petition for a summons, alleging a violation of supervised release for failure to pay restitution. [DE-180].

    11. On July 2, 1998, Nesbitt revoked the supervised release and sentenced the Defendant

to two (2) years in prison. [DE-187].

12. In case number 99-52-CV-Nesbitt, Defendant filed a Petition for Writ of Habeas Corpus on December 31, 1998. [DE-1 in 99-52-CIV]. On September 29, 1988, Judge Nesbitt denied the petition. [DE-21, in 99-52-CIV].

13. On July 19, 2000, the Eleventh Circuit Court of Appeals affirmed the revocation of supervised release for failure to pay restitution. [DE-227]. U.S. v. Obasohan, 228 F. 3d 414 (11th Cir. 2000).

14. On December 13, 1999, Defendant filed a motion to verify a waiver of restitution order. [DE-225].

15. On October 18, 2001, this case was assigned by the clerk to the undersigned Judge. [DE-228].

16. On October 22, 2001, this Court denied the motion for verification. [DE-229].

17. On October 18, 2004, Defendant filed a Motion for Writ of Error Audita Querela [DE-230] seeking emergency relief, alleging that a clarification is needed regarding restitution. Defendant again complained about the restitution order.

18. On November 3, 2004, Defendant sought a transcript. [DE-232]. That request was denied on November 4, 2004. [DE-233].

19. On February 16, 2005, Defendant sought another Writ of Error Audita Querela. He complained about restitution, guidelines scoring of intended loss and the Booker v. U.S., 543 U.S. 220 (2005) opinion. On February 18, 2005, this Court dismissed his Emergency Motion. [DE-235]. The Court indicated the Defendant could file his motion under 28 U.S.C. § 2255. Defendant again filed that motion in case number 05-20667-CIV. That petition was dismissed as

time-barred and successive on March 8, 2005. [DE-2 in 05-20667-CIV].

20. In his latest collateral attack, the Defendant sought a Writ of Error Coram Nobis alleging that he was not guilty of Trafficking in Counterfeit Access Devices. The Court denied that writ on May 22, 2008. [DE-241]. An appeal has ensued.

21. In this latest request, Obasohan requests copies of the Indictment and Plea Colloquy. [DE-246]. On June 18, 2008, this Court granted Obasohan in forma pauperis standing, for filing fees only. He now seeks to obtain documents free of charge, ostensibly for appeal purposes.

22. Obasohan fails to articulate why he needs these documents for an appeal. See, U.S.v. Newsome, 257 F. Supp 201 (N.D.Ga. 1966). The Court has previously denied a request for transcripts. [DE-233]. Obasohan concedes that he has had previous access to these documents. See [DE-1, p.6 in 05-20667CV]. He is not entitled to copies of court records at government expense to search for possible error. Walker v. U.S., 424 F. 2d 278 (5th Cir. 1970). Obasohan's claims are frivolous. See, Bozeman v. U.S., 354 F. Supp 1262 (E.D.Va. 1973). Nevertheless, this Court will have the Clerk scan in the change of plea so that it will be accessible electronically.

Wherefore, Defendant's Motion for Documents [DE-246] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of July, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Julius Obasohan (redacted address)

Lewis Carey, AUSA